**C. E. PRESTON, INC.,**
**Plaintiff-Appellant,**

v.

**FOUR COUNTY FARM CENTER, INC.,**
**Defendant-Respondent.**

No. 11086.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 16, 1979.

Timothy F. Ruddy, Cape Girardeau, for plaintiff-appellant.

C. H. Parsons, Jr., Parsons & Mitchell, P. C., Dexter, for defendant-respondent.

BILLINGS, Presiding Judge.

In this jury-waived case plaintiff, C. E. Preston, Inc., a roofing contractor, sought to recover in quantum meruit for repairs to the roof of defendant's building. Defendant, Four County Farm Center, Inc., filed a general denial to plaintiff's petition and alleged that the repairs were covered by a three-year warranty under a prior contract between the parties. The trial court ruled that plaintiff failed to sustain its burden of proof and entered judgment in favor of defendant. We affirm.

Plaintiff, a Memphis, Tennessee firm, specialized in the application of synthetic materials to roofs. The materials consisted of a layer of foam and a covering coat of vinyl. In October 1973, plaintiff and defendant contracted for plaintiff to apply its synthetic materials to defendant's metal building at Malden, Missouri, at a cost of $5,000. Plaintiff warranted the work for a three-year period against leaks, excluding leaks caused by hurricanes, hail, or physical or mechanical damage, in which event a charge would be made for labor and materials expended. The building, 125 feet by 70 feet in size, had a metal roof and housed defendant's retail business. Plaintiff applied the materials to the roof and was paid the contract price.

Within thirty days, after plaintiff had completed the roofing job, leaks developed in the roof. Plaintiff was notified of the leaks and undertook to repair them. Thereafter, the roof continued to leak and this condition continued throughout 1974, 1975 and the summer of 1976. Defendant's president reported the leaks to plaintiff and requested correction of the problem. In August 1976, while defendant's president was on vacation, plaintiff's crew arrived at the building and advised defendant's shop foreman that they were there in response to defendant's president having called about fixing the leaks in the roof. The foreman of the crew acknowledged that he did not talk to anyone else at the building and did not advise anyone that a charge would be made for repairing the leaks. He testified that there were three or four leaks in the roof, and to repair these leaks, required the refoaming of two spots, approximately 10 feet by 15 feet in size, and the recoating of the entire roof with the vinyl material. Plaintiff billed defendant for $3,599, claiming the leaks had been caused by hail damage to the roof. Plaintiff's president and his son gave opinion testimony that hail had damaged the vinyl covering and caused the leaks, although the president admitted there were several things which could have caused damage to the vinyl covering.

Defendant's president testified that the roof continued to leak after the August 1976 repairs were made and that it still leaked at time of trial in June 1978. He also testified that no hail fell in the area between plaintiff's original application of the roofing material and August 1976. Other witnesses said they did not remember any hail falling in the vicinity of defendant's building during the period involved and a hail insurance agent said that he had no claims for hail damage in the Malden area in 1973, 1974, 1975 and 1976.

Our review of this case is governed by Rule 73.01, V.A.M.R., as delineated by our Supreme Court in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Thus, the judgment of the lower court is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.

The trial court, as the trier of facts, was at liberty to disbelieve plaintiff's opinion evidence that the leaks in the roof were caused by hail damage. There was substantial evidence that the area in which the building was located had not been subjected to hail between October 1973 and August 1976. There was substantial evidence that within a short time after plaintiff applied the material to the roof, under the original contract, the roof leaked and this condition continued to time of trial. The trial court could, under the evidence presented, conclude that the August 1976 repairs to the roof were covered by plaintiff's warranty. The court, absent a specific request therefor, had no duty or obligation to make findings of fact or conclusions of law and all fact issues are considered found in accordance with the judgment entered by the court. *Sides Construction Co., Inc. v. Arcadia Valley RII School District*, 565 S.W.2d 761 (Mo.App.1978). The cause of the leaks in the roof was the crucial fact issue and by its judgment the trial resolved this issue in favor of the defendant. The judgment is not against the weight of the evidence and no error of law appears.

The judgment is affirmed.

All concur.